165 So.2d 93

**Ex parte O. Walls LAMBERTH.**

**5 Div. 785.**

Supreme Court of Alabama.

May 21, 1964.

John P. Kohn and MacDonald Gallion, Montgomery, and J. Kirkman Jackson, Birmingham, for petitioner.

Jas. W. Aird, Anniston, for Board of Commissioners.

MERRILL, Justice.

This is a petition seeking to review a proceeding by the grievance committee of the State Bar before the Board of Commissioners of the State Bar to disbar petitioner from the practice of law in Alabama. The Board found the petitioner guilty of the charges and he was suspended from the practice of law for a period of two years.

Petitioner was charged with the violation of Rules 27 and 36 of Section A of the Amended Rules governing the conduct of attorneys in Alabama, lised in 239 Ala. XXIII, et seq., which provide in pertinent part:

"No person heretofore or hereafter admitted to practice law in Alabama, shall * * *

"27. Misappropriate the funds of his client, either by failing to pay over money collected by him for his client, or by appropriating to his own use funds entrusted to his keeping, provided the circumstances attending the transaction are such as to satisfy the Board that the attorney acted in bad faith or with fraudulent purpose.

\* \* \* \* \* \*

"36. No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law."

The pertinent part of the charge reads:

"During the year 1961, to-wit, the 26th day of June, 1961, James Jinwright paid to the said O. Walls Lamberth the sum of $700.00 to be forwarded by the said O. Walls Lamberth to the Internal Revenue Service, Montgomery, Alabama, for payment of income tax due the United States Government for deficiency assessment; that the said O. Walls Lamberth did receipt for said sum of $700.00 on June 26, 1961, and gave such receipt to the said James Jinwright.

"Thereafter, the said O. Walls Lamberth has failed to promptly remit the amount so deposited with him by the said James Jinwright to the Internal Revenue Service and has failed, after repeated demands, to remit the amount of $700.00 either to the Internal Revenue Service or to return said sum to the said James Jinwright."

The Board of Commissioners concluded their resolution adjudging the petitioner guilty of the charges with this sentence: "At the end of the said two (2) year period, he shall be deemed reinstated as a member in good standing of the Bar of this State."

In view of petitioner's suspended status, we have exercised our prerogative and refrained from setting out the evidence in full. Tit. 13, § 66, Code 1940. It is sufficient to say that after careful and con-

# \544

siderate study, we conclude there was substantial evidence introduced to sustain the charges, thereby warranting the decision of the Board. In re Stuart, 257 Ala. 184, 57 So.2d 874.

Admittedly, the decision here is not easy. The client was faced with delinquent assessments for Social Security Withholding Tax, Federal Unemployment Tax and Income Tax which had been withheld from his employees. These assessments amounted to over $1200. The client turned over $700 to petitioner purportedly to be paid on these assessments. Petitioner paid $97.70 on one assessment, reimbursed himself with $123.62 which he claimed as advances to his client and pocketed the remaining $478.68 as attorney's fees.

Petitioner testified that he thought this was in accord with the agreement; the client's wife and his father-in-law, who together delivered the money to petitioner, and the client all testified that the entire $700 was to be delivered to the Internal Revenue Service to apply on the assessments. The client's father-in-law testified that he told petitioner to write on the receipt that it was "for Income Tax" but that petitioner said, "Oh, that makes no difference. We know what its for." We think it rather significant that later, when petitioner was testifying before the Board of Commissioners, in speaking of the father-in-law, said: "That man speaks truthfully. I have high regard for what he has to say." This, when considered with all the other evidence, would seem to place the preponderance of the evidence in favor of the claim that the entire $700 was to be applied to the payment of the tax assessments.

Attorneys for petitioner on this appeal did not represent petitioner before the Board of Commissioners.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.